WARREN HARRIS, Plaintiff in Error, v. WILLIAM BRUMMELL, Defendant in Error.

Kansas City Court of Appeals, April 4, 1898.

1. **Trespass:** INJURY TO TRESPASSING ANIMALS: ACTION. One finding animals trespassing on his premises (where the stock law is not in force) may drive them from the premises but has no right to inclose them on his own premises. and if in attempting to do so he injures such animals, an action lies against him for damages.

2. **Justices' Court:** STATEMENT. It is suggested that the statement be made more definite and certain.

VOL. 74 app—28

*Appeal from the Grundy Circuit Court.*—HON. P. C. STEPP, Judge.

REVERSED AND REMANDED.

S. C. PRICE for plaintiff in error.

The law attaches a civil liability to two classes of acts: *First*, those which are in themselves unlawful, and, *second*, those which are in themselves lawful but which are performed negligently, or without that degree of care which the law requires. Liability for the injurious consequences of an act of second class, that is, one which is in itself lawful, does not attach unless it can be shown that it was done in a negligent manner. But every person is liable for the injurious consequence of an unlawful act, and can not escape such liability by showing that it was done in a careful manner. Eaton v. Vaughn, 9 Mo. 743; Morgan v. Cox, 22 Mo. 373, loc. cit. 376, 377; Dowell v. Guthrie, 99 Mo. 653, loc. cit. 662, 663; Vandenburgh v. Truax, 47 Am. Dec. (N. Y.) 268; 26 Am. and Eng. Ency. of Law [1 Ed.], 575.

HUGH C. SMITH and HARBER & KNIGHT for defendant in error.

GILL, J.—Plaintiff and defendant were neighboring farmers in Grundy county. The one sued the other before a justice of the peace in damages—*first*, for the alleged killing of two brood sows, and, *second*, for throwing down a certain fence. Plaintiff recovered before the justice, but at the trial in the circuit court, where defendant took the case by appeal, there was a verdict and judgment for defendant and plaintiff brings the case here by writ of error.

Harris v. Brummell.

Defendant in error suggests that we ought to dismiss the appeal because of an insufficient abstract and statement. Notwithstanding these papers are not models of their kind, and are presented here in some confusion—the abstract and statement of the case being jumbled up and in considerable disorder—we have concluded to ignore these irregularities and pass on the case as shown by the record.

The principal point in the case relates to the killing of two fine brood sows belonging to the plaintiff. From the evidence it would seem that defendant found the two sows—one having six young pigs and the other heavy with pig and likely to drop them shortly—in his (the defendant's) cornfield. The defendant and his son set about to drive the hogs to his, the defendant's, house, nearly a mile away. It seems to have been a hot day, so much so that the worry of the drive exhausted the sows before arriving at defendant's house and they died from overheating. This was what the testimony introduced in plaintiff's behalf tended to prove, and it is all that need now be stated for a proper disposition of this appeal.

On this phase of the case the plaintiff asked instructions which in effect conceded defendant's right to drive the hogs out of his premises, but further stipulated that "if he attempted to capture, restrain or drive said hogs to his, defendant's own lot or inclosure, he did so at his peril; and if in so attempting to capture, restrain or drive said hogs to his own inclosure, said hogs were or became overheated and by reason thereof died, then defendant must respond in damages." The trial judge refused this instruction, and another of like tenor, and gave one of his own motion, together with others requested by defendant, to the effect, that if defendant exercised at the time reasonable and ordinary care in removing the hogs

from his field then he was not liable for the killing of the hogs—thereby justifying defendant in attempting to capture and pen the stock, or at least ignoring that as a feature of the case.

This was error. It was conceded that the stock law had not been adopted in Grundy county, and the plaintiff therefore was not bound to keep his hogs on his own premises. Defendant therefore can not justify a capture and restraint of plaintiff's stock under that statute. Neither did defendant make any pretense of taking up the hogs as strays; and if he did, then it was unlawful, for the statute provides that no person shall take up as a stray any unbroken animal between the first day of April and the first day of November unless such animal shall have broken over or through a *lawful fence*, section 8259, Revised Statutes 1889; and the evidence shows that defendant's premises were not inclosed by a lawful fence. It may be conceded that defendant had the right to drive the hogs out of his cornfield; but when he went further and attempted to forcibly take them three quarters of a mile away and put them into his own inclosure, he was guilty of a wrong and was a trespasser. And if the stock were injured as a result of this unlawful act then clearly the defendant must be held responsible, and that too whether the same was done negligently or with proper care. If a person be guilty of an unlawful act, then every person thereby injured, in his person or his property, shall have his action for the damages so occasioned.

It follows then from these considerations that the court submitted the case to the jury on an improper theory, and that the plaintiff's instruction before quoted should have been given.

TRESPASS: injury to trespassing animals: action.

Since the case must be sent back for a new trial it is suggested that plaintiff ought to amend his statement or complaint, so as to avoid objections to its sufficiency. It should be made more definite and certain so as more clearly to advise defendant as to the nature of the charge or charges against him. This point was not made in the first trial and hence defendant is too late in raising it now.

<span style="margin">JUSTICE'S courts: statement.</span>

Judgment reversed and cause remanded. All concur.